# In the United States Court of Federal Claims

No. 15-1583C

(Filed: March 18, 2016)

**(NOT TO BE PUBLISHED)**

**FILED**

MAR 1 8 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CARLOS A. ALFORD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

Carlos A. Alford, *pro se*, Wilmington, North Carolina.

Ida Nassar, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Major Cindie Blair, General Litigation Division, Office of the Judge Advocate General, United States Marine Corps, Department of the Navy, Washington, D.C.

**ORDER FOR THE UNITED STATES TO SHOW CAUSE**

LETTOW, Judge.

Mr. Carlos A. Alford, a former United States Marine, brings this action claiming entitlement to disability benefits and seeking restoration of rank, improvement in the grade of his discharge, and back pay. The United States has responded with a motion to dismiss his claims for lack of jurisdiction. Def.'s Motion to Dismiss, ECF No. 5. With respect to his disability benefits claim, the United States argues that this court lacks jurisdiction because he has not presented the claim to a military board. *Id.* at 6 (citing *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005)). Pursuant to *Chambers*, this court generally may not take jurisdiction over "claims of entitlement to disability retirement pay" unless "the appropriate military board either finally denies such a claim or refuses to hear it." 417 F.3d at 1224 (citing 10 U.S.C. § 1201).

1

Contrary to the government's argument, the record in this case suggests that Mr. Alford may have presented his disability claim to a military board. Accordingly, the court issues this show-cause order to the United States, requesting an explanation as to why its motion to dismiss should not be denied with respect to the disability claim.

## BACKGROUND

*A. Mr. Alford Files Suit in This Court, and Then in United States District Court, Which Orders Reconsideration by the Board for Correction of Naval Records*

Mr. Alford served in the United States Marine Corps from 1981 through 1984, when he was given an other-than-honorable discharge for "misconduct due to minor disciplinary infractions." Compl. at 11. During this time, Mr. Alford was charged with at least one drug infraction involving marijuana. He re-enlisted in 1985 by concealing his prior discharge and was dishonorably discharged for bad conduct in 1988. Compl. 11-12. During the years that followed, Mr. Alford filed roughly 30 applications with the Board for Correction of Naval Records ("Board" or "Navy Correction Board"). *See Alford v. United States*, 123 Fed. Cl. 62, 64 n.4 (2015) ("*Alford VI*").

In 2010, he filed suit in the Court of Federal Claims, seeking restoration of rank, correction of records, back pay, and disability benefits. *Alford v. United States*, No. 10-525, slip op. at 1 (Fed. Cl. Mar. 9, 2011) ("*Alford I*"). The court dismissed the case for lack of jurisdiction. *Id.* at 8. In the order of dismissal, Judge Wiese carefully considered each of plaintiff's claims. Beginning with Mr. Alford's claim for disability retirement, Judge Wiese found that he had not presented his claim to a military board and consequently dismissed that claim for lack of subject matter jurisdiction. *Id.* at 5. Mr. Alford's remaining claims were likewise dismissed, although on timeliness grounds. *Id.* at 6-8.

Undeterred, in 2011 Mr. Alford filed suit in the United States District Court for the Eastern District of North Carolina. *See* Compl., *Alford v. Pfeiffer*, No. 11-38 (E.D.N.C. Feb. 2, 2011) ("*Alford II*"). The complaint sought to remove a positive drug test from his record, to raise his discharge to honorable, and to establish entitlement to back pay. *Id.* at 3. Mr. Alford also asserted that "I am disabled. I suffer from Paranoia Schizophrenia, Major Depression, and PTSD." Am. Compl., *Alford II*, No. 11-38, (E.D.N.C. Mar. 23, 2011). To support his claims, Mr. Alford submitted the results of a polygraph examination regarding whether he ever used marijuana while in the Marine Corps, mental health records from an examination conducted on November 18, 2011, and mental health records from a Veterans Affairs ("VA") hospital examination conducted January 20, 2012. *Alford II*, No. 11-38, 2012 WL 548806, at *4 (E.D.N.C. Feb. 21, 2012). The mental health records apparently indicated that Mr. Alford is afflicted with mental illness. *Id.* "The stated purpose of the [January 20, 2012 mental health] examination was 'to determine whether [Mr. Alford] was "insane" due to a mental health disease when he committed the offenses that [led] to his dishonorable discharge from service in June 1984 and in June 1988.'" *Id.* The VA examiner opined that "[i]t is [at] least as likely as not that Mr. Alford was 'insane' due to a mental health disease when he committed the offenses that [led] to his dishonorable discharge from service in June 1984 and in June 1988." *Id.* (alterations in original). The district court in North Carolina reviewed this new evidence, which the Board had

not had an opportunity to consider, and on February 21, 2012 granted the government's motion to dismiss without prejudice on the ground that Mr. Alford had not exhausted his remedy before the Navy Correction Board. *Id.*

The Board subsequently considered Mr. Alford's case anew and denied it on January 10, 2013. *See* United States' Motion to Remand at 3, *Alford v. Mabus*, No. 13-15 (E.D.N.C. Aug. 23, 2013) ("*Alford III*"). But in doing so, it failed to consider the new evidence. *See id.* Not accepting this result, Mr. Alford again filed suit on February 8, 2013 in the Eastern District of North Carolina challenging the denial. Am. Compl. at 3, *Alford III*, No. 13-15 (E.D.N.C. Feb. 8, 2013). His complaint requested restoration of rank, restatement of his discharge to honorable, a "full medical discharge," and back pay. Amendment to Am. Compl. at 4, *Alford III*, No. 13-15 (E.D.N.C. Feb. 13, 2013). In response, the United States conceded that the Board "improperly" denied consideration and requested a remand to the Board. United States' Motion to Remand at 3, *Alford III*, No. 13-15 (E.D.N.C. Aug. 23, 2013). The United States' motion argued that

> [r]emand is appropriate in this case because the [Navy Correction Board] did not consider the other matters provided by the plaintiff in his petition, as was contemplated by [the District Judge's February 21, 2012] Order. These matters include 1) the polygraph regarding marijuana use; 2) the mental health examination from 18 November 2011; 3) the VA Medical Center examination on 20 January 2012; and any other matters presented that were not previously considered.

*Id.* at 3-4. The district court granted the remand motion on January 10, 2014. Judgment, *Alford III*, No. 13-15 (E.D.N.C. Jan. 10, 2014).[1]

On remand, the Board reconsidered Mr. Alford's claims, and on July 7, 2014 it again denied them. Citing SECNAV Instruction 5420.193, enclosure (1), the Board explained that

> further consideration of an application will be granted only upon presentation by the applicant of new and material evidence or other matter not previously considered by the Board. New evidence is defined as evidence not previously considered by the Board and not reasonably available to the applicant at the time of the previous application. Evidence is material if it is likely to have a substantial effect on the outcome.

Pl.'s Supplemental Brief ("Pl.'s Supp. Br.") Ex. 3 (setting out the initial pages of a decision by the Board rendered July 7, 2014), ECF No. 10. The Board found the polygraph "is not 'new' because [Mr. Alford] could have submitted a similar report with any of [his] previous applications . . . [and] [i]t is not material because it is unlikely to affect the outcome of [his] request for correction of [his] record." *Id.* The Board noted that

---

[1] Mr. Alford opposed remand and filed an appeal with the United States Court of Appeals for the Fourth Circuit, which concluded that the remand order was a non-final order over which it lacked appellate jurisdiction. *Alford v. Mabus*, 575 Fed. Appx. 170 (4th Cir. 2014) (per curiam) ("*Alford IV*").

3

> [t]he examination was conducted more than twenty-six years after the date of [his] alleged use of marijuana and prior to [his] being diagnosed with psychotic disorders. It is very likely that the passage of time, [his] long-term alcohol abuse and use of 'crack' cocaine, the effects of [his] psychotic disorder, and [his] mental state when the examination was conducted, had substantial effects on the results of the examination and raise significant concerns about the validity of those results.

*Id.* Turning next to the medical records, the Board found they were not new because Mr. Alford could have submitted similar records in his prior applications. *Id.* The Board further found these reports were not material because they did not determine he "suffered from a psychotic disorder during [his] service in the Marine Corps," but instead confirmed merely that he now suffered from mental illness. *Id.* And despite the VA examiner's conclusion that it was "at least as likely as not" that Mr. Alford was mentally ill during his tenure in the Marine Corps, the Board did not credit this evidence given that the mental evaluation was largely based on Mr. Alford's own descriptions of himself, which the Board found "self-serving." *Id.*

B. *Mr. Alford Convinces the Department of Veterans Affairs to Upgrade His Discharge*

While *Alford III* was pending, but prior to the district court's remand order of January 10, 2014, the Department of Veterans Affairs concluded on December 23, 2013 that Mr. Alford "was insane at the time in question," *i.e.*, May 29, 1981 to June 29, 1984 and May 29, 1985 to June 28, 1988. Pl.'s Supp. Br. Ex. 1, at 3 (VA Rating Decision (Dec. 23, 2013)). As evidence, the Department of Veterans Affairs cited the medical examination conducted on January 20, 2012 that plaintiff had submitted to the Board as new evidence. *Id.*

Then on March 22, 2014, the Department of Veterans Affairs wrote Mr. Alford a letter concluding that "for VA purposes" the "discharge for the period of May 29, 1981 to June 29, 1984 is determined to be honorable." Pl.'s Supp. Br. Ex. 1 (Letter from VA Winston-Salem Regional Office to Mr. Alford (Mar. 22, 2014)), at 1. The letter did not explain why the Department had reached this conclusion, except that the VA Rating Decision dated December 23, 2013 had said "VA Rating Decision finds you meet the criteria for insanity at the time in question, both periods of service." *Id.* Ex. 1, at 2. The Department's letter further stated "[t]he claimant is entitled to health care benefits under Chapter 17, Title 38 USC, for any disability determined to be service connected for the period May 29, 1981 to June 29, 1984." *Id.* at 1.

C. *In Light of the Department of Veterans Affairs' Decision to Upgrade His Discharge and the Navy Correction Board's Final Decision of July 7, 2014, Mr. Alford Again Files Suit Challenging the Board's Decision*

In 2014, Mr. Alford again filed suit in the United States District Court for the Eastern District of North Carolina, seeking the same remedies as in his prior cases. That court dismissed the suit for lack of jurisdiction on June 23, 2015, finding that the case properly belonged in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491. *Alford v. Mabus*, No. 14-195, 2015 WL 3885730, at *3 (E.D.N.C. June 23, 2015) ("*Alford V*"). Perhaps anticipating that decision, Mr. Alford had filed a complaint with the Court of Federal Claims three months earlier

on March 2, 2015. *See Alford VI*, 123 Fed. Cl. at 62. But because he filed his complaint in the Court of Federal Claims before the district court dismissed the action pending there, Mr. Alford fell afoul of 28 U.S.C. § 1500, which deprives this court of jurisdiction in cases where a plaintiff has pending a suit regarding the same operative facts in another court, including a federal district court. *Id.* Pursuant to that statute, the court dismissed his complaint on September 1, 2015, even though the district court had decided that his claims properly belonged in this court under the Tucker Act. *Id.* at 65-66.

Undaunted by these procedural obstacles, Mr. Alford filed this case on December 28, 2015, again seeking restoration of rank, enhancement of discharge, back pay, and disability benefits.

### ORDER FOR THE UNITED STATES TO SHOW CAUSE

Given the foregoing circumstances, the United States is directed to show cause

(1) whether Mr. Alford's disability claim was implicated by the earlier decisions of the United States District Court for the Eastern District of North Carolina, considering the fact that his complaints in that court appear to have alleged mental impairments related to his service in the United States Marine Corps;
(2) why this court should not take jurisdiction over Mr. Alford's disability claim under the rationale of *Chambers*, 417 F.3d at 1224, either because: (a) the Board's actions constitute a final decision denying Mr. Alford's disability claim, or (b) the Board's actions constitute a refusal to hear Mr. Alford's disability claim; and
(3) whether the recent decisions of the Department of Veterans Affairs, which found Mr. Alford was "insane" during his enlistments, and which concluded his discharge was "honorable" for "VA purposes," have any effect on plaintiff's claims in this court.

The United States shall comply with this order on or before April 8, 2016.

It is so ORDERED.

Charles F. Lettow
Judge