ORIGINAL

# In the United States Court of Federal Claims

No. 15-1583C

(Filed: June 23, 2016)

FILED
JUN 23 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| **CARLOS A. ALFORD,** ) | Military back pay and disability retirement |
| ) | claims; applicability of the six-year statute |
| **Plaintiff,** ) | of limitations set out at 28 U.S.C. § 2501 to |
| ) | the back pay claim; issue preclusion as to |
| v. ) | that claim; jurisdiction over the disability |
| ) | retirement claim; remand. |
| **UNITED STATES,** ) | |
| ) | |
| **Defendant.** ) | |

Carlos A. Alford, *pro se*, Wilmington, North Carolina.

Ida Nassar, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Major Cindie Blair, General Litigation Division, Office of the Judge Advocate General, United States Marine Corps, Department of the Navy, Washington, D.C.

**ORDER**

LETTOW, Judge.

Mr. Carlos A. Alford, a former United States Marine, seeks to reopen his 1984 other-than-honorable discharge and obtain a determination whether he should have been retired honorably for disability owing to service-connected post-traumatic stress disorder and schizoaffective disorder. He also seeks restoration of rank from private to sergeant and correction of his records. The United States ("government") has filed a motion to dismiss the action pursuant to Rule 12(b) of the Rules of the Court of Federal Claims ("RCFC"), arguing the court lacks jurisdiction over the complaint. Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 5.

**BACKGROUND**

The facts of this case are recounted in a show-cause order previously issued by the court, *Alford v. United States*, No. 15-1583C, 2016 WL 1085108, at *1 (Fed. Cl. Mar. 18, 2016) ("*Alford VIII*"), and are restated briefly here. Mr. Alford enlisted in the United States Marine Corps in 1981. *Alford VIII*, 2016 WL 1085108, at *1. He was then allegedly deployed multiple times to a post where he was "placed in harm's way," Compl. at 1-2, "shot at on several

1

occasion[s]," and "run over" by a vehicle, Pl.'s Suppl. Br. at 1, ECF No. 10. During that time, Mr. Alford experienced depression. Compl. at 4. He would also walk in his sleep and wet the bed. Compl. at 4. He was evaluated by a flight surgeon in 1984, who prescribed an anti-depressant. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 4, ECF No. 7. Subsequently, the Marine Corps discharged him on other-than-honorable conditions for "misconduct due to minor disciplinary infractions." *Alford VIII*, 2016 WL 1085108, at *1 (citing Compl. at 11). The partial record before the court neither identifies nor delineates those infractions, but it does show that Mr. Alford had been drinking alcohol and that he was charged with at least one infraction involving marijuana. *See* Def.'s Resp. to Show-Cause Order ("Def.'s Resp.") Ex. A, at AR-14, -15, ECF No. 16.[1] He re-enlisted in 1985 by concealing his prior discharge, and he was dishonorably discharged in 1988 for bad conduct. *Alford VIII*, 2016 WL 1085108, at *1. In 1997, he filed a petition with the Naval Discharge Review Board ("Discharge Board"), apparently arguing that his discharge was motivated by racial discrimination or, alternatively, that his misconduct was excused or exculpated by either mental illness or alcohol and drug abuse. *See Alford v. United States*, No. 10-525C, slip op. at 2 (Fed. Cl. Mar. 9, 2011) ("*Alford I*"). The Discharge Board denied his petition that same year, finding Mr. Alford was "responsible for his actions" and that there was no evidence "to substantiate the applicant's claim that he was suffering from any stress disorder." *Id.* at 2-3.

In 1998, Mr. Alford again challenged the culpability of his misconduct in a petition before the Board for Correction of Naval Records ("Navy Correction Board" or "Board"), which denied his petition in 1999. *Alford I*, slip op. at 3. The Board found that his misconduct was not caused by a mental disability or illness because Mr. Alford submitted no evidence to support such a finding. *Id.* at 3-4. Following that decision, in 2003 and 2006 Mr. Alford filed renewed petitions challenging his other-than-honorable discharge, which the Navy Correction Board denied in 2004 and 2006, respectively, for insufficient evidence. *Id.* at 4.

In 2010, Mr. Alford filed suit *pro se* in this court seeking correction of his unfavorable discharge, disability retirement, and restoration of rank. *Alford I*, slip op. at 1. The court construed his complaint in part as claiming back pay pursuant to the Military Pay Act, 37 U.S.C. § 204(a), and on that basis the court dismissed the claim as time-barred under the applicable six-year statute of limitations because the claim had accrued upon his discharge in 1984. *Id.* at 6-8 (citing 28 U.S.C. § 2501). The court further construed his complaint as seeking disability retirement benefits pursuant to 10 U.S.C. § 1201. *Id.* at 5. That claim was dismissed on the ground that Mr. Alford had not raised it in his petitions to either the Discharge Board or Navy Correction Board, which is a jurisdictional prerequisite to presentation of such a claim in this court. *Id.* (citing *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005)); *see also infra*, at 7-8 (addressing the court's jurisdiction over disability retirement claims). Although Mr. Alford had alleged mental illness in his board petitions, the court in *Alford I* held that those petitions did not present a disability claim because "his demand in this respect was offered as the

---

[1] Exhibit A to defendant's response to the show-cause order contains excerpts from the Administrative Record attendant to a prior case brought by Mr. Alford in this court, viz., *Alford v. United States*, 123 Fed. Cl. 62 (2015) ("*Alford VII*").

2

basis for an upgrade of his discharge, not as the basis for an award of disability retirement pay." *Alford I*, slip op. at 5.[2]

Mr. Alford then filed suit *pro se* in the Eastern District of North Carolina, asserting the same claims. *See* Compl., *Alford v. Pfeiffer*, No. 7:11-cv-38-BR (E.D.N.C. Feb. 2, 2011) ("*Alford III*"). To support his claims, Mr. Alford submitted the results of a polygraph test regarding non-use of marijuana while in the Marine Corps, mental health records from an examination conducted on November 18, 2011, and mental health records from a examination conducted at a Veterans Affairs ("VA") hospital on January 20, 2012. *See Alford VIII*, 2016 WL 1085108, at *1 (citing *Alford III*, No. 7:11-cv-38-BR, 2012 WL 548806, at *4 (E.D.N.C. Feb. 21, 2012)). In particular, the purpose of the examination on January 20, 2012 was to "determine whether [Mr. Alford] was 'insane' due to a mental health disease when he committed the offenses that [led] to his" discharge in 1984. *Id.* (quoting *Alford III*, 2012 WL 548806, at *4). "The VA examiner opined that 'it is at least as likely as not that Mr. Alford was "insane" due to a mental health disease when he committed the offenses that led to his dishonorable discharge from service in June 1984 and in June 1988.'" *Id.* (quoting *Alford III*, 2012 WL 548806, at *4). The district court reviewed this evidence and found that it was "new evidence," which had not been presented in any of Mr. Alford's prior petitions to the Navy Correction Board. *Id.* For that reason, the district court dismissed the action on the ground that Mr. Alford's administrative remedies had not been exhausted. *Id.*

Three days after that dismissal, Mr. Alford filed a petition with the Navy Correction Board on Department of Defense Form 149. *See* Def.'s Resp. Ex. A, at AR-2189. In Box 5 of that form, Mr. Alford requested that "[m]y discharge be upgraded." *Id.* Additionally, in a letter attached to the form, Mr. Alford also claimed that he suffered a "mental health disease" prior to his 1984 discharge. *Id.* at AR-2190. The Navy Correction Board then issued a six-sentence letter denying reconsideration of its 1999, 2004, and 2006 decisions in his case, but it did not say what that case was, nor did it address whether Mr. Alford suffered from a service-connected mental disability that might support a claim for disability retirement. Compl. Ex. 1, *Alford v. Mabus*, No. 7:13-cv-15-D (E.D.N.C. Jan. 22, 2013) (appending the Navy Correction Board's letter dated January 10, 2013 denying his petition) ("*Alford IV*"). The Board's letter shows that the Board did not consider the new evidence. *See* United States' Motion to Remand, *Alford IV*, No. 7:13-cv-15-D (E.D.N.C. Aug. 23, 2013) (conceding the Board's letter was in error because it failed to consider new evidence submitted by Mr. Alford).

Unsatisfied with the letter, Mr. Alford again filed suit *pro se* in district court, raising the same claims and expressly requesting a "full medical discharge." Second Am. Compl. at 4, *Alford IV*, No. 7:13-cv-15-D (E.D.N.C. Feb. 13, 2013); *see also* Am. Compl., *Alford IV*, No. 7:13-cv-15-D (E.D.N.C. Feb. 8, 2013). In response, government counsel conceded that the Navy Correction Board's review of Mr. Alford's case was erroneous and filed a motion to remand the matter to the Board. *See* United States' Motion to Remand, *Alford IV*, 7:13-cv-15-D (E.D.N.C.

---

[2]While *Alford I* was pending, Mr. Alford filed a premature notice of appeal, which the Court of Appeals for the Federal Circuit dismissed for lack of a final order by the trial court. *Alford v. United States*, No. 2011-5048, slip op. at 2 (Fed. Cir. Apr. 5, 2011) (per curiam) ("*Alford II*"). After the trial court entered judgment, Mr. Alford did not again appeal.

3

Aug. 23, 2013). The district court agreed, ordering a remand to allow the Board to address all of the issues raised in Mr. Alford's complaint. *Alford IV*, No. 7:13-15-D, slip op. at 3 (E.D.N.C. Jan. 10, 2014).[3] The district court noted that "[a]ccording to defendant[], remand will allow the [Board] to review the other matters included in [Mr.] Alford's complaint that the [Board] did not previously consider and permit the [Board] to make a final determination based on all available information." *Id.* at 2-3. The court's order thus contemplated not only reconsideration of the new evidence provided in *Alford III*, but also "any other matters presented that were not previously considered." *Id.* at 3.[4]

On remand, the Navy Correction Board apparently construed Mr. Alford's claims as a request for reconsideration of petitions that he had previously submitted to the Board regarding his discharge, *i.e.*, whether his misconduct was culpable. *See Alford VIII*, 2016 WL 1085108, at *2 (citing Pl.'s Suppl. Br. Ex. 3 (setting out initial pages of a decision by the Board rendered July 7, 2014)). The Board denied any relief to Mr. Alford on the ground that this new evidence was neither "new" nor "material." *Id.* The Board did not address or comment on his claim for disability retirement, which was raised in his petition dated February 24, 2012 and which was encompassed by the remand order in *Alford IV*. *Id.*

Not accepting that result, Mr. Alford again filed suit *pro se* in the Eastern District of North Carolina, which dismissed the action after concluding that jurisdiction was proper only in the Court of Federal Claims because Mr. Alford sought money damages. *Alford v. Mabus*, No. 7:14-cv-195-D, 2015 WL 3885730, at *3 (E.D.N.C. June 23, 2015) ("*Alford VI*"). Perhaps anticipating that dismissal, Mr. Alford had already filed a complaint in this court on March 2, 2015. *See Alford VII*, 123 Fed. Cl. at 65. But because he filed his complaint in the Court of Federal Claims before the district court dismissed the action, he fell afoul of 28 U.S.C. § 1500, and the court dismissed his case for that reason. *Id.* at 66.

---

[3] While *Alford IV* was pending, but prior to the court's remand order, the Department of Veterans Affairs concluded on December 23, 2013 that Mr. Alford "was insane at the time[s] in question," *i.e.*, May 29, 1981 to June 29, 1984 and May 29, 1985 to June 28, 1988. Pl.'s Supp. Br. Ex. 1, at 3 (VA Rating Decision (Dec. 23, 2013)). Its conclusion was based, at least in part, on the VA mental health examination conducted on January 20, 2012. *Id.* On March 22, 2014, the VA wrote Mr. Alford a letter concluding that "for VA purposes" the "discharge for the period of May 29, 1981 to June 29, 1984 is determined to be honorable." *Id.* at 1-2 (Letter from VA Winston-Salem Regional Office to Mr. Alford (Mar. 22, 2014)). The letter did not explain why the Department had reached this conclusion, except that the VA Rating Decision dated December 23, 2013 had said "VA Rating Decision finds you meet the criteria for insanity at the time in question, both periods of service." *Id.* at 2. The Department's letter further stated "[t]he claimant is entitled to health care benefits under Chapter 17, Title 38 USC, for any disability determined to be service connected for the period May 29, 1981 to June 29, 1984." *Id.* at 1.

[4] Mr. Alford opposed the remand order in *Alford IV* and filed an appeal with the United States Court of Appeals for the Fourth Circuit, which concluded that the remand order was a non-final order over which it lacked appellate jurisdiction. *Alford v. Mabus*, 575 Fed. Appx. 170 (4th Cir. 2014) (per curiam) ("*Alford V*").

Undaunted by these procedural obstacles, Mr. Alford filed this action on December 28, 2015. He alleges that he suffers from service-connected post-traumatic stress disorder and schizoaffective disorder and that he should have been retired honorably for disability. Compl. at 2. He also alleges that his discharge was improper and that it should be upgraded with rank restored, thereby inferentially alleging entitlement to back pay. Compl. at 7. In response, the government filed a motion to dismiss, arguing that the court lacks jurisdiction over the complaint. Def.'s Mot. at 3-6. The government construed the complaint as seeking back pay, and it argued that such a claim is outside the court's six-year statute of limitations as determined by *Alford I*. *Id*. The government further argued that the court lacks jurisdiction over Mr. Alford's claim for disability retirement because he still has not presented it to a military board. *Id*. On March 18, 2016, the court ordered the United States to show cause why the motion should not be denied with respect to the disability retirement claim, due to the fact that Mr. Alford had raised the issue in his cases before the District Court for the Eastern District of North Carolina, which had remanded the matter to the Navy Correction Board, which in turn denied all relief to Mr. Alford. The United States responded on April 28, 2016. Def.'s Resp. at 1.

**JURISDICTION**

A. *Standards for Decision*

1. *Jurisdictional rules.*

A plaintiff has the burden of establishing the court's jurisdiction. *Reynolds v. Army & Air Force Exch. Servs.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Pursuant to the Tucker Act, codified at 28 U.S.C. § 1491(a)(1), the court has jurisdiction in pertinent part "to render judgment upon any claim against the United States founded either upon . . . any Act of Congress or any regulation of an executive department . . . for liquidated or unliquidated damages." Under this portion of the Tucker Act, a plaintiff must show that his or her claim is based upon a statute or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). In addition, a plaintiff seeking to establish jurisdiction in this court under this Act must show that his or her claim accrued within six years of the date upon which the action is filed. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134-36 (2008) (citing 28 U.S.C. § 2501). If at any time the court concludes that it does not have jurisdiction, it must dismiss the action. RCFC 12(h)(3).

2. *Issue preclusion.*

A threshold procedural issue is raised by the government's invocation of the doctrine of issue preclusion, also called collateral estoppel. That doctrine "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to [a] prior judgment.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). Issue preclusion applies to a litigant only if (1) "the issue is identical to one decided" in a prior action to which that litigant was a party; (2) "the issue was actually litigated in the first action;" (3) its resolution "was essential to a final judgment in the first action;" and (4) the "plaintiff had a full and fair opportunity to litigate the issue in the first

5

action." *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994) (citing *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 702 (Fed. Cir. 1983)). Even if these four elements are present, the court retains limited discretion "to decide whether a particular case is appropriate for application of the doctrine," *id.* at 1467, upon consideration of various exceptions regarding non-party status, inability to obtain review, or unforeseeability as to whether the issue might arise again, *see Restatement (Second) Judgments* § 28 (1982). This doctrine encompasses jurisdictional issues and merits issues. *Ackerman v. United States*, 107 Fed. Cl. 612, 617-18 (2012) (dismissing case after concluding plaintiff had previously litigated a statute-of-limitations issue) (citing *Young v. United States*, 92 Fed. Cl. 425, 433-34 (2010), *reconsid. denied*, 94 Fed. Cl. 671 (2010), *aff'd* 417 Fed. Appx. 943 (Fed. Cir. 2011)).

### B. *Mr. Alford's Claim for Back Pay*

Construing Mr. Alford's pleadings leniently owing to his *pro se* status, *see Telzrow v. United States*, __ Fed. Cl. __, __, 2016 WL 3034436, at *5 (2016), his complaint seeks money damages in the form of back pay pursuant to the Military Pay Act, 37 U.S.C. § 204. This statute is money-mandating within the jurisdictional grant of the Tucker Act. *See Martinez v. United States*, 333 F.3d 1295, 1315 (Fed. Cir. 2003). The government nonetheless argues that the court lacks jurisdiction over this claim because it accrued upon Mr. Alford's discharge in 1984, and thus that it is outside the six-year statute of limitations set out in 28 U.S.C. § 2501. Def.'s Mot. at 7. The government further argues that Mr. Alford is collaterally estopped from relitigating the applicability of the statute of limitations because he previously litigated this issue and lost in *Alford I*. *Id.* at 6; *see also Alford I*, slip op. at 7.

The court agrees that Mr. Alford is collaterally estopped from relitigating the applicability of the statute of limitations to this claim. *Alford I* expressly ruled on this issue, holding that Mr. Alford's back pay claim accrued in 1984 and thus was time-barred because he filed his first complaint in this court in 2010. *Alford I*, slip op. at 7 (citing *Martinez*, 333 F.3d at 1311, which held that back pay claims accrue upon discharge). This issue was actually litigated and essential to the judgment because the government moved to dismiss the action as outside the statute of limitations, and the court dismissed the action in part on that ground. *Id.* at 6-7. Further, Mr. Alford had a full and fair opportunity to litigate the issue in *Alford I*. After the government filed its motion to dismiss, he filed a responsive brief arguing that the statute of limitations should have been tolled due to a legal disability. *Id.* at 7; *see also* Pl.'s Opp'n to Mot. to Dismiss at 2, *Alford I*, No. 10-525C (Fed. Cl. Jan. 20, 2011). The court in *Alford I* addressed that argument, holding that Mr. Alford's 1997 and 1998 petitions to the Discharge Board and Navy Correction Board showed that Mr. Alford "possessed sufficient mental capacity at least through 1998 to pursue his legal rights." *Alford I*, slip op. at 7. Mr. Alford also argued that he lacked knowledge of the unlawful discharge until 2009, when he allegedly "learned about defects in the drug testing program administered by the Navy in the early 1980s." *Id.* at 7. The court rejected that argument as well, finding that this information "ha[d] been publically available for over 25 years." *Id.* Overall, this court has no "reason to doubt the quality, extensiveness, or fairness of procedures followed in the prior litigation." *Freeman*, 30 F.3d at 1467. And, no other considerations about or exceptions to the doctrine of issue preclusion suggest a different result. For example, Mr. Alford was able to obtain appellate review, and he could have foreseen that the statute of limitations would bar his case in the future if raised his back pay claim again.

*See id.* at 1467-68 (discussing exceptions and citing *Restatement (Second) of Judgments* §§ 28-29). This court accordingly shall not revisit *Alford I*'s determination that Mr. Alford's back pay claim is time-barred. *Accord Ackerman*, 107 Fed. Cl. at 617 (dismissing plaintiff's back pay claim on grounds of issue preclusion after finding that a previous decision had ruled that the claim was outside the court's statute of limitations).[5]

### C. *Mr. Alford's Claim for Disability Retirement Benefits*

Again construing Mr. Alford's complaint leniently, the court understands his disability allegations as an assertion of entitlement to disability retirement benefits under 10 U.S.C. § 1201, which is a money-mandating statute within the meaning of the Tucker Act. *Fisher v. United States*, 402 F.3d 1167, 1174 (Fed. Cir. 2005). If Section 1201 is invoked, this court "has no jurisdiction over disability retirement claims until a military board evaluates a service member's entitlement to such retirement in the first instance." *Chambers*, 417 F.3d at 1225 (citing *Furlong v. United States*, 152 F. Supp. 238, 240-41 (Ct. Cl. 1957)). Accordingly, the court may not exercise jurisdiction unless "the appropriate military board either finally denies such a claim or refuses to hear it." *Id.* at 1224. Relying on *Chambers*, the government initially sought dismissal of Mr. Alford's disability claim on the ground that Mr. Alford has never presented it to a board. Def.'s Mot. at 6. The government further argued that because *Alford I* dismissed this claim in 2011 for lack of jurisdiction, Mr. Alford is collaterally estopped from relitigating it. *Id.*

The record does not support these arguments. First, Mr. Alford's petition filed on February 24, 2012 to the Navy Correction Board implicitly raised the issue of disability retirement benefits. In responding to the court's order to show cause, the government now concedes that Mr. Alford did "complain that the Navy has failed to recognize his mental illness" and acknowledges that "one might assume that Mr. Alford was seeking all benefits that recognition of his mental illness might bring him," meaning disability retirement benefits. Def.'s Resp. at 7. Second, Mr. Alford's complaint in *Alford IV* presented a claim for disability retirement to the District Court for the Eastern District of North Carolina, along with other claims for relief, and that court's remand order in *Alford IV* directed the Navy Correction Board to consider all of Mr. Alford's claims in that case. *Alford IV*, slip op. at 2 ("[R]emand will allow the [Board] to review the other matters included in [Mr.] Alford's complaint."). As a result, the Board should have considered whether Mr. Alford was entitled to disability retirement benefits, but it did not do so. Its July 7, 2014 denial of Mr. Alford's disability claim was therefore either a refusal to consider it or a denial without explanation. Accordingly, the court has jurisdiction over Mr. Alford's disability claim. His remaining claims for equitable relief are redressable in this court to the extent they are subordinate to this claim for money damages. *See James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). Moreover, because Mr. Alford has now presented his claim to the Navy Correction Board, the government's collateral estoppel argument is inapposite. *See, e.g., Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C. Cir. 2010) (holding that dismissal of an action for failure to exhaust administrative remedies does not preclude refiling of the action after exhaustion).

---

[5]Even if issue preclusion did not apply, the court would still find the claims time-barred pursuant to Section 2501 of Title 28. Mr. Alford alleges that he was discharged in 1984 and 1988, roughly 32 and 28 years ago, respectively.

7

## REMAND

The government concurs that if the court does have jurisdiction, then it should remand this claim to the Navy Correction Board. Def.'s Resp. at 8. Notably, the court has discretion to grant the government's request for a remand, without admitting error, so long as the request is not "frivolous or in bad faith." *Bias v. United States*, 124 Fed. Cl. 663, 667 (2016) (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)). Accordingly, on the merits of Mr. Alford's claim for disability retirement benefits, the court remands the action to the Navy Correction Board to decide that claim in the first instance. Because the Board previously did not address this claim with any particularity, there is virtually no agency record for the court to review, and in these circumstances a court should remand the matter to the agency rather than develop a new record. *See Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985)); *see also* 28 U.S.C. § 1491(a)(2) (providing a procedural authorization for the court "[i]n any case within its jurisdiction, . . . to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."); RCFC 52.2(a) (addressing procedural aspects of a remand of a matter to the appropriate agency). The court expresses no opinion as to the merits of Mr. Alford's claim for disability retirement benefits.

## CONCLUSION

The government's motion to dismiss is GRANTED with regard to the back pay claim, but it is otherwise DENIED. Mr. Alford's claim for disability retirement pay is REMANDED to the Board for Correction of Naval Records for a period not to exceed six months. *See* RCFC 52.2(b)(1)(B). The Board is ORDERED to decide whether Mr. Alford is entitled to disability retirement pay or benefits on the basis of his allegedly service-connected post-traumatic stress disorder and schizoaffective disorder.

This case is stayed pending the results of the remand. *See* RCFC 52.2(b)(1)(C). The court requests that the government submit status reports every 90 days during the pendency of the remand, regarding the progress of the ensuing proceeding before the Board. *See* RCFC 52.2(b)(1)(D).

It is so ORDERED.

_____
Charles F. Lettow
Judge