ORIGINAL

# In the United States Court of Federal Claims

FILED

No. 15-1583C

(Filed: June 1, 2017)

JUN - 1 2017

U.S. COURT OF
FEDERAL CLAIMS

<table>
<tr><td>

**CARLOS A. ALFORD,**

            **Plaintiff,**

**v.**

**UNITED STATES,**

            **Defendant.**

</td><td>

)
)
)
)
)
)
)
)
)
)
)

</td><td>

Claim for military disability benefits;
review of a decision by the Board for
Correction of Naval Records; potential
applicability of statutory requirement for an
opinion by a clinical psychologist or
psychiatrist; 10 U.S.C. § 1552(g); grant of
voluntary remand

</td></tr>
</table>

Carlos A. Alford, *pro se*, Wilmington, North Carolina.

Mollie L. Finnan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Major Matthew P. Banks, General Litigation Division, Office of the Judge Advocate General, United States Marine Corps, Department of the Navy, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Carlos A. Alford, a former United States Marine, brings suit to challenge his other-than-honorable discharge and receive disability retirement benefits. Mr. Alford's disability retirement claim, which is based upon his allegations of service-connected post-traumatic stress disorder and schizoaffective disorder, was remanded by this court to the Board for Correction of Naval Records ("Correction Board" or "Board") in June 2016. *See generally Alford v. United States*, 127 Fed. Cl. 345 (2016) ("*Alford X*"). The Correction Board denied his claim approximately six months later. In doing so, the Correction Board relied upon an advisory opinion that did not include an opinion from a clinical psychologist or psychiatrist with respect to Mr. Alford's health. The court subsequently set a briefing scheduling for motions for judgment on the administrative record, but the government now requests a second remand to allow the Correction Board to consider an opinion from a clinical psychologist or psychiatrist.

Pending before the court is Mr. Alford's motion for judgment on the administrative record and the government's motion for remand to the Correction Board pursuant to Rule 52.2 of

the Rules of the Court of Federal Claims ("RCFC"). For the reasons stated, the government's motion is granted and Mr. Alford's motion is denied as moot.

## BACKGROUND

The background of this case has been stated in this court's most recent opinion addressing Mr. Alford's claim, *see Alford X*, 127 Fed. Cl. 345, and is described briefly here.[1] Mr. Alford enlisted in the United States Marine Corps ("Marine Corps") in 1981. *Id.* at 347. He alleges that he served on multiple deployments that "placed [him] in harm's way." *Id.* (quoting Compl. at 1-2). While enlisted, Mr. Alford experienced depression, sleepwalking, and bedwetting. *Id.* In 1984, he received an other-than-honorable discharge from the Marine Corps due to multiple disciplinary infractions. *Id.* According to Mr. Alford, those infractions included (1) arriving "30 minutes late for formation," (2) testing positive for marijuana in a urinalysis, and (3) possessing alcohol in the "[b]arracks [a]rea." Pl.'s Mot. for Judgment on the Administrative Record ("Pl.'s Mot.") at 1-2, ECF No. 35. He concealed his 1984 discharge and reenlisted in the Marine Corps in 1985, but was again dishonorably discharged due to misconduct in 1988. *Alford X*, 127 Fed. Cl. at 347.

In 1997, Mr. Alford filed a petition with the Naval Discharge Review Board ("Discharge Board"), asserting that his 1984 discharge was the result of racial discrimination or excused "by either mental illness or alcohol and drug abuse." *Alford X*, 127 Fed. Cl. at 347. The Discharge Board denied the petition after finding no evidence to substantiate Mr. Alford's claims. *Id.* Mr. Alford also filed petitions before the Correction Board, including a petition in 1998 to challenge "the culpability of his misconduct," and petitions in 2003 and 2006 to challenge his discharges. *Id.* The Correction Board denied each petition due to insufficient evidence. *Id.*

Mr. Alford filed suit in this court in 2010 to request "correction of his unfavorable discharge, disability retirement, and restoration of rank." *Alford X*, 127 Fed. Cl. at 347 (citing *Alford I*, slip op. at 1). The court construed the complaint as including a back pay claim under the Military Pay Act, 37 U.S.C. § 204(a), and a claim for disability retirement benefits under 10 U.S.C. § 1201. *See id.* (citing *Alford I*, slip op. at 5-8). The court dismissed the back pay claim as time-barred by the six-year statute of limitations set forth in 28 U.S.C. § 2501, and dismissed the disability retirement benefits claim on the ground that it had not been previously raised

---

[1]Mr. Alford's claims have been the subject of ten previous decisions from this court, the Federal Circuit, the United States District Court for the Eastern District of North Carolina, and the Fourth Circuit. *See Alford v. United States*, No. 10-525C, slip op. (Fed. Cl. Mar. 9, 2011) ("*Alford I*"); *Alford v. United States*, 416 Fed. Appx. 901 (Fed. Cir. 2011) (per curiam) ("*Alford II*"); *Alford v. Pfeiffer*, No. 7:11-CV-38-BR, 2012 WL 548806 (E.D.N.C. Feb. 21, 2012) ("*Alford III*"); *Alford v. Secretary of the Navy*, No. 7:13-CV-15-D, 2014 WL 12495274 (E.D.N.C. Jan. 10, 2014) ("*Alford IV*"), *appeal dismissed, Alford v. Mabus*, 575 Fed. Appx. 170 (4th Cir. 2014) (per curiam) ("*Alford V*"); *Alford v. Mabus*, No. 7:14-CV-195-D, 2015 WL 3885730 (E.D.N.C. June 23, 2015) ("*Alford VI*"), *aff'd*, 622 Fed. Appx. 249 (4th Cir. 2015) (per curiam) ("*Alford VII*"); *Alford v. United States*, 123 Fed. Cl. 62 (2015) ("*Alford VIII*"); *Alford v. United States*, No. 15-1583C, 2016 WL 1085108 (Fed. Cl. Mar. 18, 2016) ("*Alford IX*"); *Alford X*, 127 Fed. Cl. 345.

before either the Discharge Board or Correction Board. *Id.* at 347-48 (citing *Alford I*, slip op. at 5-8).

Mr. Alford subsequently raised the same claims, among others, in a suit filed in the Eastern District of North Carolina. *Alford III*, 2012 WL 548806, at *1. He submitted multiple documents, including a polygraph regarding his drug use, a 2011 mental health examination, and health records from an examination at a Veterans Affairs ("VA") hospital in January 2012. *Id.* at *4. The VA examiner stated that it was "[at] least as likely as not that Mr. Alford was 'insane' due to a mental health disease when he committed the offenses that [led] to his dishonorable discharges from service in June 1984 and in June 1988." *Id.* (internal quotation marks and citations omitted). The district court determined that such records had not been presented to the Correction Board, and thus dismissed Mr. Alford's claim for failure to exhaust administrative remedies. *Id.* Mr. Alford then filed another petition with the Correction Board in 2012. *See Alford X*, 127 Fed. Cl. at 348. The Correction Board denied his request for reconsideration of its 1999, 2004, and 2006 decisions, but did not consider the new evidence presented by Mr. Alford. *Id.*

Mr. Alford thereafter filed another suit in the Eastern District of North Carolina. *Alford IV*, 2014 WL 12495274. At that juncture, the district court remanded the case to the Correction Board, directing the Board to consider the polygraph and health records submitted by Mr. Alford, as well as "any other matters presented that were not previously considered." *Id.* at *2. On remand from the district court, the Correction Board considered Mr. Alford's claim to be a request for reconsideration regarding his discharge, and denied the request on the ground that the additional evidence was not new or material. *See Alford X*, 127 Fed. Cl. at 349. "The Board did not address or comment on his claim for disability retirement, which was raised in his petition dated February 24, 2012 and which was encompassed by the [district court's] remand order." *Id.* Mr. Alford then filed suit again in the Eastern District of North Carolina, but his claims were dismissed after the district court found that jurisdiction was only proper in the Court of Federal Claims. *Alford VI*, 2015 WL 3885730, at *3.

Mr. Alford filed suit in this court on December 28, 2015, after the dismissal of his district court complaint. *Alford X*, 127 Fed. Cl. at 349.[2] He alleged that "he suffers from service-connected post-traumatic stress disorder and schizoaffective disorder and that he should have been retired honorably for disability." *Id.* (citing Compl. at 2). He also alleged that "his discharge was improper and that it should be upgraded with rank restored, thereby inferentially alleging entitlement to back pay." *Id.* (citing Compl. at 7). The court construed Mr. Alford's complaint as raising a back pay claim pursuant to the Military Pay Act and a disability retirement benefits claim pursuant to 10 U.S.C. § 1201. *Id.* at 350-52. The court dismissed the back pay claim, holding that Mr. Alford was "collaterally estopped from relitigating the applicability of the statute of limitations to this claim" because the court in *Alford I* had found the claim time-barred when it addressed his first complaint that was filed in 2010. *Id.* at 350-51. Mr. Alford's disability retirement benefits claim under Section 1201, however, was not dismissed. *Id.* at 351-

---

[2]Mr. Alford also filed suit in this court in March 2015 while his district court claim was still pending, but that complaint was dismissed pursuant to 28 U.S.C. § 1500. *Alford VIII*, 123 Fed. Cl. at 65-66.

52. Section 1201, a money-mandating statute under the Tucker Act, provides the court with jurisdiction after "the appropriate military board either finally denies such a claim or refuses to hear it." *Id.* at 351 (quoting *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005)). In examining Mr. Alford's previous petitions before the Correction Board, the court found that his 2012 petition had "implicitly raised the issue of disability retirement benefits." *Id.* The district court's 2014 remand had also included that claim because the district court directed the Correction Board "to consider all of Mr. Alford's claims." *Id.* at 351-52 (citing *Alford IV*, 2014 WL 12495274, at *2). This court accordingly explained:

> As a result, the Board should have considered whether Mr. Alford was entitled to disability retirement benefits, but it did not do so. Its July 7, 2014 denial of Mr. Alford's disability claim was therefore either a refusal to consider it or a denial without explanation. Accordingly, the court has jurisdiction over Mr. Alford's disability claim.

*Id.* at 352.[3] Because the Correction Board had not considered Mr. Alford's disability retirement claim, the court stayed the case and "remand[ed] the action to the Navy Correction Board to decide that claim in the first instance." *Id.* The court ordered the Correction Board "to decide whether Mr. Alford is entitled to disability retirement pay or benefits on the basis of his allegedly service-connected post-traumatic stress disorder and schizoaffective disorder." *Id.*

In accord with this court's remand order, the Correction Board considered Mr. Alford's claims, including additional information submitted by Mr. Alford. AR 2660 to -61.[4] The Correction Board also relied upon an advisory opinion from the Director of the Secretary Council of Review Boards, where the Director determined that "the evidence d[id] not support [Mr. Alford's] request." AR 2664. The Correction Board largely agreed with that advisory opinion, finding that Mr. Alford was not entitled to disability benefits or a disability retirement. AR 2661. The Correction Board explained that (1) the evidence did not indicate Mr. Alford suffered from post-traumatic stress disorder or schizoaffective disorder while on active duty, (2) no nexus existed between Mr. Alford's claimed disorders and his misconduct, (3) the second enlistment occurred fraudulently and thus did not warrant any benefits, and (4) the evidence did not support Mr. Alford's claim that he was unfit for naval service because his submitted psychiatric diagnoses occurred after his discharge. *Id.*

The court subsequently lifted the stay and set a schedule regarding motions for judgment on the administrative record. Scheduling Order of Jan. 30, 2017, ECF No. 29. On March 8, 2017, Mr. Alford filed a motion for judgment on the administrative record, seeking disability retirement benefits and requesting that the court upgrade his 1984 discharge to honorable. *See* Pl.'s Mot. at 1-2. The government responded by requesting a second remand to the Correction

---

[3]Because Mr. Alford presented his disability retirement claim to the Correction Board, the government's collateral estoppel argument was "inapposite" with respect to that claim. *Alford X*, 127 Fed. Cl. at 352 ("[D]ismissal of an action for failure to exhaust administrative remedies does not preclude refiling of the action after exhaustion.") (citing *Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C. Cir. 2010)).

[4]Citations to the administrative record refer to the record as filed on February 14, 2017.

Board. Def.'s Mot. for a Second Voluntary Remand ("Def.'s Mot.") at 1, ECF No. 40. The government asserts that such a remand is appropriate because it will allow the Correction Board "to obtain a medical advisory opinion that includes an opinion of a clinical psychiatrist or psychologist, pursuant to 10 U.S.C. § 1552(g)." *Id.* at 3.

## ANALYSIS

In 2014, Congress enacted a new statutory provision specifying that under certain circumstances, an advisory opinion presented to a military board must include an opinion from a clinical psychologist or psychiatrist:

> Any medical advisory opinion issued to a board established under subsection (a)(1) with respect to a member or former member of the armed forces who was diagnosed while serving in the armed forces as experiencing a mental health disorder shall include the opinion of a clinical psychologist or psychiatrist if the request for correction of records concerned relates to a mental health disorder.

Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113-291, Div. A, Title V, § 521(a), 128 Stat. 3292, 3360 (codified at 10 U.S.C. § 1552(g)). Relevant here, this court had ordered the Correction Board on remand to consider Mr. Alford's disability retirement claim in light of his alleged post-traumatic stress disorder and schizoaffective disorder. *Alford X*, 127 Fed. Cl. at 352. Significantly, in rendering its decision, the Correction Board relied upon an advisory opinion that did not include an opinion from a clinical psychologist or psychiatrist. *See* AR 2663 to 64. The government notes that Mr. Alford's claim may not fall "squarely" within Section 1552(g) because he was only diagnosed with sleepwalking, bedwetting, and a personality disorder while enlisted in the Marine Corps. Def.'s Mot. at 4. Nonetheless, the government states, without admitting error, that a second remand is appropriate "to enable Mr. Alford to benefit from the additional protections imposed by § 1552(g)." *Id.* at 3-4.

The government is permitted to seek a remand, without confessing error, for a number of reasons, including "to consider further the governing statute, or the procedures that were followed." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). If the administrative record is inadequate in reviewing a military correction board, "[t]he reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed," and the "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009) (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also SKF USA*, 254 F.3d at 1029 (explaining that "a remand is usually appropriate" when the "the agency's concern is substantial and legitimate"). Because the advisory opinion issued to the Correction Board did not include an opinion from a clinical psychologist or psychiatrist with respect to Mr. Alford's health, a remand is appropriate here. *See* 28 U.S.C. § 1491(a)(2) ("In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."); RCFC 52.2 (setting forth the procedural requirements for the remand of a matter to the

appropriate agency). In remanding the case, the court expresses no opinion as to the merits of Mr. Alford's claim. *See Alford X*, 127 Fed. Cl. at 352.

## CONCLUSION

For the reasons stated, the government's motion for remand is GRANTED and Mr. Alford's motion for judgment on the administrative record is DENIED as moot. Mr. Alford's claim for disability retirement benefits is REMANDED to the Board for Correction of Naval Records for a period not to exceed six months. *See* RCFC 52.2(b)(1)(B). The Board is ORDERED to obtain a medical advisory opinion that includes an opinion of a clinical psychologist or psychiatrist pursuant to 10 U.S.C. § 1552(g), and to reconsider Mr. Alford's disability retirement claim in light of that opinion and any further evidence that Mr. Alford chooses to submit.

This case is stayed pending the results of the remand. *See* RCFC 52.2(b)(1)(C). The court requests that the government submit a status report every 90 days during the pendency of the remand, regarding the progress of the ensuing proceeding before the Board. *See* RCFC 52.2(b)(1)(D).

It is so **ORDERED**.

_____
Charles F. Lettow
Judge