

# In the United States Court of Federal Claims

No. 15-1583C

**FILED**

(Filed: April 18, 2018)

APR 1 8 2018

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| **CARLOS A. ALFORD,** | ) | Claim by military veteran for disability |
|  | ) | retirement benefits; 10 U.S.C. § 1201; |
| **Plaintiff,** | ) | review of a decision by the Board for |
|  | ) | Correction of Naval Records; substantial |
| **v.** | ) | evidence |
|  | ) |  |
| **UNITED STATES,** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Carlos A. Alford, *pro se*, Wilmington, North Carolina.

Mollie L. Finnan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirshman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Major Matthew Banks, General Litigation Division, Office of the Judge Advocate General, Washington Navy Yard, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Carlos A. Alford, comes before this court to, at long last, receive a final decision on his claim for military disability benefits. In addition to many proceedings before the Board for Correction of Naval Records ("Navy Correction Board" or "Board") and the Naval Discharge Review Board, this is the twelfth decision issued by a federal court addressing Mr. Alford's claims.[1]

---

[1] Mr. Alford's claims have been the subject of eleven previous decisions from the United States Court of Appeals for the Federal Circuit, this court, the United States Court of Appeals for the Fourth Circuit, and the United States District Court for the Eastern District of North Carolina. *See Alford v. United States*, No. 10-525C, slip op. (Fed. Cl. Mar. 9, 2011) ("*Alford I*"); *Alford v. United States*, 416 Fed. Appx. 901 (Fed. Cir. 2011) (per curiam) ("*Alford II*"); *Alford v. Pfeiffer*, No. 7:11-CV-38-BR, 2012 WL 548806 (E.D.N.C. Feb. 21, 2012) ("*Alford III*"); *Alford v. Secretary of the Navy*, No. 7:13-CV-15-D, 2014 WL 12495274 (E.D.N.C. Jan. 10, 2014)

Mr. Alford served in the United States Marine Corps from 1981 until he received an other-than-honorable discharge in 1984. By concealing his discharge, he was able to re-enlist in 1985 but was again discharged, this time dishonorably, in 1988. In 1993, Mr. Alford was diagnosed with two mental disorders: post-traumatic stress disorder and schizoaffective disorder. In an attempt to restore his rank and receive military benefits, Mr. Alford filed a flurry of administrative petitions and court actions between 1997 and the initiation of this action in 2015. The crux of Mr. Alford's claims was that he deserved an honorable discharge and the benefits attendant to it because his active duty service caused or at least aggravated his mental disabilities.

This court construed Mr. Alford's extant complaint as raising two claims: an entitlement to back pay and eligibility for disability retirement benefits. The court dismissed Mr. Alford's back pay claim as collaterally estopped because it had been adjudicated to be time-barred in a decision rendered in 2011. The court then remanded the disability claim to the Navy Correction Board to obtain the Board's consideration of that claim, which had been put before it but not decided by it. After the Navy Correction Board issued a decision adverse to Mr. Alford, he sought post-remand review and the government sought a further voluntary remand to correct a deficiency in the Board's procedures; the court granted that remand request. Now, with a second adverse decision from the Navy Correction Board, Mr. Alford has brought the question of his eligibility for disability retirement benefits squarely before this court.

Pending before the court are Mr. Alford's motion for judgment on the administrative record and the government's cross-motion seeking the same relief.

## FACTS[2]

The facts of this case have already been detailed at length in two of this court's previous opinions, *see Alford X*, 127 Fed. Cl. 345; *Alford XI*, 132 Fed. Cl. 334, so they will be restated only summarily here. Mr. Alford enlisted in the United States Marine Corps in 1981 and served several deployments. *Alford X*, 127 Fed. Cl. at 347. During his service, Mr. Alford was diagnosed with and treated for somnambulism (sleepwalking) and enuresis (involuntary urination). AR 2844;[3] *see also* Def.'s Resp. to Pl.'s Mot. for Judgment on the Administrative

---

("*Alford IV*"), *appeal dismissed sub nom.*, *Alford v. Mabus*, 575 Fed. Appx. 170 (4th Cir. 2014) (per curiam) ("*Alford V*"); *Alford v. Mabus*, No. 7:14-CV-195-D, 2015 WL 3885730 (E.D.N.C. June 23, 2015) ("*Alford VI*"), *aff'd*, 622 Fed. Appx. 249 (4th Cir. 2015) (per curiam) ("*Alford VII*"); *Alford v. United States*, 123 Fed. Cl. 62 (2015) ("*Alford VIII*"); *Alford v. United States*, No. 15-1583C, 2016 WL 1085108 (Fed. Cl. Mar. 18, 2016) ("*Alford IX*"); *Alford v. United States*, 127 Fed. Cl. 345 (2016) ("*Alford X*"); *Alford v. United States*, 132 Fed. Cl. 334 (2017) ("*Alford XI*").

[2] The recitations that follow constitute findings of fact by the court drawn from the administrative record filed pursuant to RCFC 52.1(a).

[3] Citations to the administrative record refer to the record as filed on December 15, 2017. The record contains no tabs and is consecutively paginated.

Record and Cross-Mot. for Judgment on the Administrative Record ("Def.'s Cross-Mot.") at 4, ECF No. 58. In 1984, Mr. Alford received an other-than-honorable discharge for disciplinary infractions, including "testing positive for marijuana in a urinalysis" and "possessing alcohol in" a prohibited area. *See Alford XI*, 132 Fed. Cl. at 336. In 1985, Mr. Alford re-enlisted in the Marine Corps by concealing his 1984 discharge, but he was dishonorably discharged in 1988 for further misconduct. *See Alford X*, 127 Fed. Cl. at 347.

Mr. Alford was diagnosed with post-traumatic stress disorder and schizoaffective disorder in 1993. *See* AR 2809; Def.'s Cross-Mot. at 15. In 1997, he filed a petition with the Naval Discharge Review Board, challenging his 1984 discharge, but that petition was denied. *See Alford X*, 127 Fed. Cl. at 347. He then filed petitions with the Navy Correction Board in 1998, 2003, and 2006; each petition was dismissed "due to insufficient evidence." *Alford XI*, 132 Fed. Cl. at 336. Mr. Alford followed these disappointments with a suit in this court in 2010 to request "correction of his unfavorable discharge, disability retirement, and restoration of rank." *Alford X*, 127 Fed. Cl. at 347. The court construed the complaint as including a back pay claim under the Military Pay Act, 37 U.S.C. § 204(a), and a claim for disability retirement benefits under 10 U.S.C. § 1201. *See Alford I*, slip op. at 5-6. The court dismissed the back pay claim as time-barred under 28 U.S.C. § 2501, and dismissed the claim for disability retirement benefits for lack of jurisdiction because that claim had not been previously raised before either the Naval Discharge Review Board or the Navy Correction Board. *Id.*; *see also Alford X*, 127 Fed. Cl. at 347-48 (describing *Alford I*). Over the course of the next several years, Mr. Alford pursued his claims before the Eastern District of North Carolina, leading to a remand to the Navy Correction Board, but after a decision by the Board on remand, the district court dismissed his suit, determining that jurisdiction was proper only in this court. *See Alford XI*, 132 Fed. Cl. at 336-37 (describing *Alford IV*).

Mr. Alford filed this action in December 2015, alleging that "he suffers from service-connected post-traumatic stress disorder and schizoaffective disorder[,] and that he should have been retired honorably for disability." *Alford XI*, 132 Fed. Cl. at 337. As in *Alford I*, the court construed Mr. Alford's complaint as raising a back pay claim pursuant to the Military Pay Act and a disability retirement benefits claim pursuant to 10 U.S.C. § 1201. *Id.* The court dismissed the back pay claim as being collaterally estopped because the court in *Alford I* had held that the claim was time-barred. *Id.* But the court determined that Section 1201 was a money-mandating provision under the terms of the Tucker Act and thus provided the court with jurisdiction after "the appropriate military board either finally denies such a claim or refuses to hear it." *Id.* (quoting *Alford X*, 127 Fed. Cl. at 351). Because the court determined that the Navy Correction Board had not considered Mr. Alford's disability retirement claim even thought it had been presented to the Board, the court stayed and remanded the case, ordering the Board "to decide whether Mr. Alford is entitled to disability retirement pay or benefits on the basis of his allegedly service-connected post-traumatic stress disorder and schizoaffective disorder." *Id.* (quoting *Alford X*, 127 Fed. Cl. at 350).

The Navy Correction Board considered Mr. Alford's claims on remand but found that he was not entitled to disability retirement benefits. AR 2660-61. When the case returned to this court after the remand, Mr. Alford filed a motion for judgment on the administrative record. *Alford XI*, 132 Fed. Cl. at 338. The government responded by noting that the Board had acted

3

on a record that had not included all the materials required by statute, and requesting a second remand to the Navy Correction Board "to obtain a medical advisory opinion that includes an opinion of a clinical psychiatrist or psychologist, pursuant to 10 U.S.C. § 1552(g)." *Id.* The court granted the government's motion to remand and denied as moot Mr. Alford's motion for judgment on the administrative record. *Id.* at 339.

On November 28, 2017, the Navy Correction Board, with an advisory opinion from a licensed psychiatrist in hand, found that Mr. Alford was not entitled to disability retirement benefits. AR 2808-10. As the basis for this finding, the Board determined that "there was insufficient evidence in [Mr. Alford's] medical record[s] to show that [he] suffered from either [post-traumatic stress disorder] or [schizoaffective disorder] during [his] time in service." AR 2809. Because Mr. Alford is only eligible for disability retirement benefits if the "disability [was] incurred on or aggravated by active duty service," the Board concluded that the lack of "evidence that [Mr. Alford] w[as] determined unfit for duty any time during [his] service" was dispositive. *See* AR 2810. The Board also concluded that "even if [Mr. Alford's] record did contain evidence of a disability incurred or aggravated by service, the Board was unable to draw a nexus between [his] medical conditions and the misconduct that led to either of [his] discharges;" in short, "[t]he Board concluded [that Mr. Alford] w[as] mentally responsible for [his mis]conduct." AR 2810.

After this adverse decision from the Navy Correction Board, Mr. Alford moved for judgment in his favor on the administrative record, *see* Scheduling Order of Jan. 5, 2018, ECF No. 54 ("Though plaintiff has not filed a motion for judgment on the administrative record as such, several of plaintiff's filings taken together amount to such a motion, *see* Pl.'s Notice, ECF No. 47 (filed December 7, 2017); Pl.'s Status Report, ECF No. 48 (filed December 13, 2017); Pl.'s Suppl. Notice, ECF No. 49 (same); Pl's Second Suppl. Notice, ECF No. 50 (same); Medical Evaluation Board, ECF No. 52 (filed December 26, 2017)."), and the government filed a cross-motion seeking a contrary judgment on the administrative record, *see generally* Def.'s Cross-Mot. All issues have been briefed and are ready for disposition.

## STANDARDS FOR DECISION

This court "will not disturb the decision of the [C]orrection[] [B]oard unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005) (internal citation omitted). The substantial evidence standard requires "a court to ask whether a 'reasonable mind might accept' a particular evidentiary record as 'adequate to support [the challenged] conclusion.'" *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999) (internal citation omitted). This "standard of review does not require a reweighing of the evidence, but a determination whether *the conclusion being reviewed* is supported by substantial evidence." *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983) (emphasis in original). And "[s]o long as the Board considered the relevant evidence and came to a reasonable conclusion, this court will not disturb the Board's decision." *Riser v. United States*, 97 Fed. Cl. 679, 683-84 (2011) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), a*brogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 104-05 (1977)).

## ANALYSIS

"Disability retirement cases . . . are governed by 10 U.S.C. § 1201." *Chambers*, 417 F.3d at 1224. Section 1201 states that when the Secretary determines that a service member "is unfit to perform the duties of the member's office, grade, rank, or rating because of physical disability incurred while entitled to basic pay . . . , the Secretary may retire the member, with retired pay." 10 U.S.C. § 1201(a). But entitlement to disability retirement is not established by "merely show[ing] that [the] service-connected injuries resulted in an eventually disabling condition or that at the time of release from active duty this condition was in an incipient stage of pathological development;" rather, a plaintiff "must proceed one step further and establish that the condition was of such extent and severity as to actually render him unfit for active military service at the time of his release or shortly thereafter." *Banerjee v. United States*, 77 Fed. Cl. 522, 536 (2007) (alterations and citations omitted). Further, "[a] cause and effect relationship must exist between [the] inadequate duty performance [that led to the discharge] and the presence of . . . disabilities." *Joslyn v. United States*, 110 Fed. Cl. 372, 389 (2013).

The parties do not contest Mr. Alford's diagnoses of post-traumatic stress disorder and schizoaffective disorder. *See* Def.'s Cross-Mot. at 2-4, 15. Nor, it seems, do they contest that Mr. Alford would be entitled to disability retirement benefits if his disabilities were determined to have been incurred in or aggravated by his military service. *Cf.* Pl.'s Resp. to Def.'s Cross-Mot. ("Pl.'s Resp.") at 1-3, ECF No. 59; *see also* Def.'s Cross-Mot. at 10; AR 2809. The only material point of contention between the parties is whether the Correction Board correctly determined that there was insufficient evidence that Mr. Alford's disabilities were incurred or aggravated by his military service, or in the alternative, that even if there were, there was insufficient evidence of a nexus between those disabilities and the misconduct that led to his discharges. *Compare* Pl.'s Resp. at 1-2, *with* AR 2809-10. Under the relevant standard of review, this court's inquiry is limited to the question of whether the Board's factual findings are supported by substantial evidence. For the reasons stated below, the court concludes that they are.

Mr. Alford claims that the Navy is responsible because he "suffered through guard duty at a top secret listening post for [two years, at] which he worked every[]day and was under extreme anxiety." Pl.'s Resp. at 1. Mr. Alford points to his diagnoses of "sleepwalking and urinating on himself" as "warning[s] that there was something wrong" and as evidence that his military service was the source of his current mental disabilities. *See id.* at 2. But the Board concluded that somnambulism and enuresis are not proof "that he suffered from [other disabilities] during [his] service" and notes that he was not diagnosed with post-traumatic stress disorder or schizoaffective disorder for "nine years after [his] service, during which time any number of circumstances could have caused and aggravated" his mental condition. AR 2809. Specifically, during both his post-discharge and re-enlistment processing, "the board found no indications in the record of ambient symptoms of post-traumatic stress disorder and schizoaffective disorder;" rather, "[p]ost-discharge evaluation and treatment records . . . reflect a clinical focus on Mr. Alford's alcohol and drug use." Def.'s Cross-Mot. at 15; *see also* AR 2845.

5

The Board also ruled, in the alternative, that even assuming Mr. Alford's disabilities were caused or aggravated by his military service, there was insufficient evidence of a "nexus between [Mr. Alford's] medical conditions and the misconduct that led to either of [his] discharges." AR 2810. Mr. Alford implies that the prescribed medication he was taking during his service, an anti-depressant called Elavil, rendered him mentally irresponsible for his misconduct. *See, e.g.*, Pl.'s Resp. at 2. But the Board relied on a medical advisory opinion that regarded this claim as "highly speculative in the absence of more definitive evidence" when making its determination. *See* AR 2809, 2845.

Because the Board's evidentiary record provides sufficient support for a reasonable mind to accept the Board's determination, the court concludes that it is supported by substantial evidence. *See Dickinson*, 527 U.S. at 162; *see also Melendez Camilo v. United States*, 642 F.3d 1040, 1044-46 (Fed. Cir. 2011). The Navy Correction Board's determination that Mr. Alford is not entitled to disability retirement benefits is therefore upheld.

## CONCLUSION

For the reasons stated, Mr. Alford's motion for judgment on the administrative record is DENIED and the government's cross-motion for judgment on the administrative record is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge